IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 18-1387 T
(Senior Judge Charles F. Lettow)

JOHN W. BARRY, ET AL.

                                                  Plaintiffs,

v.

THE UNITED STATES,

                                                  Defendant.

MOTION OF THE UNITED STATES FOR A REDACTED VERSION
OF THE COMPLAINT FOR THE PUBLIC RECORD

Defendant, the United States, moves for an order requiring plaintiffs to file a properly redacted version of the complaint and its attachments for purpose of the public record pursuant to Rule 5.2(a) of the Rules of the Court of Federal Claims (RCFC).

INTRODUCTION

On September 7, 2018, plaintiffs,[1] acting *pro se,* filed a purported class action complaint and accompanying attachments in the Court of Federal Claims. Although plaintiffs did not move to file the complaint and its attachments under seal, the docket sheet reflects that the complete versions of the complaint and its attachments have been sealed by the court.

Submitted with their complaint, plaintiffs filed eleven attachments, entitled "Declaration[s] of Facts and Offer of Proof in Support of Verified Class Action Civil RICO

---

[1] There are 20 named plaintiffs in this purported "Verified Class Action Civil RICO Complaint."

1

RECEIVED - USCFC
OCT -3 2018

Complaint."[2] The attachments, which vary in length from four to 174 pages, contain a plethora of documents relating to plaintiffs' previous dealings with the United States Courts, the Internal Revenue Service, and the Department of Justice, among others, including copies of filings, court orders, correspondence, financial statements, and official records. *See, e.g.,* Attachment No. 1-1, Attachment No. 1-2, Attachment No. 1-9. The attachments contain information requiring redaction pursuant to RCFC 5.2(a), such as plaintiffs' social security numbers, tax identification numbers, and financial account information. Plaintiffs, however, have neither fully complied with RCFC 5.2(a) by partially redacting this information, nor have they moved the court to file their complaint and attachments under seal. The docket sheet merely indicates that the complaint, including its eleven attachments, is sealed.

## DISCUSSION

American courts, and their dockets, are open to the public as a rule, and it is well-settled that there is a common law right of public access to judicial documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 602 (1978); *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *Pratt & Whitney Canada, Inc. v. United States*, 14 Cl. Ct. 268, 272 (1988); *Black v. United States*, 24 Cl. Ct. 461, 463-64 (1992). In addition to common law, the First Amendment is another source of the right of public access to judicial court proceedings. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). "[P]ublic access to court records is essential to the preservation of our system of self-government." *Pratt*, 14 Cl. Ct. at 273. As the Court of Federal Claims has noted:

---

[2] The attached declarations are of the following plaintiffs: John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Patricia Hinds, Elba M. Viera Lopez, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda and Daniel B. Miranda, Marciaminajuanequita R.T. Dumlao, Rosalie O. Libanag and Rodrigo B. Libanag, and Hannah K. Heart.

> Courts of the United States are rightly loathe to close judicial proceedings to the public and veil what should be public documents behind a cloak of secrecy.

*Forest Products Northwest, Inc., v. United States*, 62 Fed. Cl. 109, 114 (2004). Given the well-established right of public access to judicial documents, there is a strong presumption in favor of public access to judicial documents. *See Nixon*, 435 U.S. at 597, 602.

Courts have articulated a variety of standards with respect to the type of showing that a party seeking to seal a judicial document must make to overcome the presumption of public access. In general, the required showing varies depending on the source of the right and the type of document in question. For example, the Fourth Circuit Court of Appeals has held that under the First Amendment, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 673 (4th Cir. 2004) (internal quotation marks and citations omitted). But, the Fourth Circuit also has held that the presumption of access under common law can be rebutted if "countervailing interests heavily outweigh the public interest in access, and the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* at 575.

The Court of Federal Claims and its predecessor, the Claims Court, have held that the common law right to public access to judicial documents may be overcome only on the basis of a "compelling justification for sealing." *Miller-Holzwarth, Inc. v. United States*, 44 Fed. Cl. 153, 154 (1999) (internal quotations and citations omitted); *see Black*, 24 Ct. Cl. at 464. Thus, the party seeking to seal judicial documents bears a heavy burden to overcome the presumption of public access. *See Pratt*, 14 Cl Ct. at 275. "Broad, vague and conclusory generalizations," such as empty claims that the evidence

3

contains "sensitive, proprietary information" are insufficient to overcome the burden. *Wall Industries, Inc. v. United States*, 5 Cl. Ct. 485, 488 (1994) (internal quotations omitted). Neither do general privacy concerns justify denying public access to a judicial document. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (affirming trial court's refusal to seal a complaint on the grounds that privacy concerns offered for sealing did not outweigh presumption of public access).

Courts have held that the right of public access applies to civil complaints. *See Mann*, 477 F.3d at 1149; *Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012) (finding plaintiff's complaint contains neither "information that the court deems private," nor "other information that may be used by members of the general public for nefarious purposes"); *Black*, 24 Ct. Cl. at 465; *Dahl v. Bain Capital Partners, LLC*, 891 F. Supp. 2d 221, 224-225 (D. Mass. 2012) ("The rule is plain: allegations in a complaint are subject to the presumption of public access."). A complaint cannot be inspected by the public while it is under seal. As stated by Second Circuit Court of Appeals:

> Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern. Conversely, a sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute.

*Bernstein*, 814 F.3d at 14.

Plaintiffs' complaint, including the eleven attachments, is a judicial document to which the public has a right of access under, at a minimum, common law. *See Mann*, 477 F.3d at 1149; *Kurt*, 103 Fed. Cl. at 388; *Dahl*, 891 F. Supp. 2d at 224. Importantly, plaintiffs' burden to overcome the presumption of public access is not lessened with regard to tax information and documents. *See Amergen Energy Co, LLC by and through*

4

*Exelon Generation Co., LLC v. United States*, 115 Fed. Cl. 132, 142-43 (2014) (declining to keep plaintiff's tax returns and tax information out of public access); *see also Anonymous v. Comm'r*, 127 T.C. 89, 91 (2006) (noting the "strong" common law presumption in favor of public access in deciding whether to allow a taxpayer to proceed anonymously in Tax Court). Moreover, RCFC 5.2(a) requires litigants to redact sensitive information, which plaintiffs have not done. Plaintiffs should be required to comply with the rules of this court.

## CONCLUSION

In light of the presumptive right to public access of judicial records, defendant respectfully requests that the court order plaintiffs to file for the purpose of the public record a version of their complaint and its attachments appropriately redacted pursuant to RCFC 5.2(a).

October 3, 2018

Respectfully submitted,

*/s/ Katherine R Powers*
KATHERINE R POWERS
Trial Attorney
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station,
Washington, D.C. 20044
Phone: (202) 514-1919
Fax: (202) 514-9440

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section

*/s/ David I. Pincus*

CERTIFICATE OF SERVICE

I certify that service of the foregoing Motion of the United States for a Redacted Version of the Complaint for the Public Record, this 3rd day of October, 2018, has been made on each of the following plaintiffs, *pro se*, by mailing a copy thereof, in a postage prepaid envelope, to the following addresses:

John W. Barry
232 Amherst Avenue
Pemberton, NJ 08068

Karrine N. Montaque
159 Washington Avenue
Valley Stream, NY 11590

Moses Nelson
1584 North Avenue
Bridgeport, CT 06604

Joel Adeyemi Omotosho
104 Terry Place
Bridgeport, CT 06606

Julio Ruiz
981 Grand Street
Bridgeport, CT 06604

Patricia Hinds
6 Homestead Avenue
West Haven, CT 06516

Elba M. Viera Lopez
1224 Pembroke Street
Bridgeport, CT 06608

Rosemarie M. Lastimado-Dradi
P.O. Box 386
Ridgefield, WA 98642

Elvah Bliss Miranda
94-1018 Kaloli Loop
Waipahu, HI 96797

Daniel B. Miranda
94-1018 Kaloli Loop
Waipahu, HI 96797

Marciaminajuanequita R. T. Dumlao
1731 Mahani Loop
Honolulu, HI 96815

Rosalie O. Libanag
91-936 Komana Street
Ewa Beach, HI 96706

Rodrigo B. Libanag
91-936 Komana Street
Ewa Beach, HI 96706

Hannah K. Heart
5339 Poola Street
Honolulu, HI 96821

Brigida E. Chock
91-668 Kilaha Street
Unit I-2
Ewa Beach, HI 96706

Michael T. Chock
91-668 Kilaha Street
Unit I-2
Ewa Beach, HI 96706

Leonicio Bautista
1731 Mahani Loop
Honolulu, HI 96815

Scott F. Hawver
P.O. Box 2783
Ewa Beach, HI 96706

Beverly Braumuller-Hawver
P.O. Box 2783
Ewa Beach , HI  96706

Paul K. Meyer
P.O. Box 1308
Kilauea , HI  96754

*/s/ Katie M. Stevens*
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 307-6440