# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REPRESENTATIVE CLASS PLAINTIFFS:
*on behalf of themselves and others so situated as putative class members,*

John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R. T. Dumlao, Rosalie O. Libanag, Rodrigo B. Libanag, Hannah K. Heart, Brigida E. Chock, Michael T. Chock, Leoncio Bautista, Scott F, Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Eurich Z. Griffin, III, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Annette Torruellas, Sheryl Tinoco, Radames Rodriguez, Jeannette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada De La Cruz, Hector Mendez, Miriam Mendez, Jose Valez, Magdelena Nieves, Juanito Estrada, among others similarly situated,

*Unincorporated Natural Persons Standing in Propria Persona Sui Juris,*

-against-

UNITED STATES, UNITED STATES DEPARTMENT OF THE TREASURY, STEVEN MNUCHIN, SECRETARY, COMMISSIONER OF THE INTERNAL REVENUE SERVICE, JOHN KOSKINEN, UNITED STATES DEPARTMENT OF JUSTICE ACTING ATTORNEY GENERAL DAVID A. HUBBERT, UNITED STATED ATTORNEY GENERAL, JEFFERSON B. SESSIONS, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY BRADLEY A. SARNELL, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY SARAH T. MAYHEW, UNITED STATES DEPARTMENT OF JUSTICE TRIAL ATTORNEY LAQUITA TAYLOR-

Case No.1:18-cv-01387T (CFL)

**PLAINTIFF JOHN W. BARRY'S RESPONSE MOTION IN OPPOSITION TO DEFENDANT'S 2nd MOTION FOR EXTENSION OF TIME**

December 6, 2018

RECEIVED - USCFC

JAN 09 2019

PHILLIPS, I.R.S. ACCOUNTING OPERATIONS
MANAGER BENJAMIN F. RAY, I.R.S. FIELD
AGENT SARAH DAVIDSON, I.RS. REVENUE
OFFICER JOHN SHATRAW, I.RS. REVENUE
OFFICER JAMES GREENWAY, I.R.S., I.R.S.
REVENUE OFFICER COLIN P. KELLY, I.R.S.
REVENUE OFFICER KENNETH O. JUSTICE,
I.R.S. REVENUE OFFICER R.A. MITCHEL,
I.R.S. REVENUE OFFICER MICHAEL W. COX,
I.R.S. REVENUE OFFICER ELBA Y.
PORRATA-DORIA, I.R.S. REVENUE OFFICER
BART BRELLENTHIN, I.R.S. REVENUE
OFFICER K. COLT, I.R.S. REVENUE OFFICER
DEBORAH JAMES, I.R.S. REVENUE OFFICER
CYNTHIA D. SPRY, I.R.S. REVENUE
OFFICER NEIL CASEY, I.R.S. REVENUE
OFFICER JAMES BECK, I.R.S. SUPERVISORY
FIELD AGENT DAVID SMITH, I.R.S.
ADVISORY GROUP AGENT LASONIA
KIMES, I.R.S. ADVISORY GROUP MANAGER
L. DUNN, I.R.S. ADVISORY GROUP
MANAGER LISA MORRISON, I.R.S.
DIRECTOR OF SPECIALTY COLLECTIONS
CHERYL CORDERO, I.R.S. OPERATIONS
MANAGER FOR COLLECTIONS SHERRI
HOLCOMB, I.R.S. OPERATIONS MANAGER
TONYA WILLIAMS-WALLACE, I.R.S.
GENERAL ATTORNEY JAMES P. CALIGURE,
I.R.S. ASSOCIATE AREA COUNSEL MONICA
E. KOCH, I.R.S. TERRITORY MANAGER
PAUL G. ALVARADO, ALCOHOL TOBACCO
& FIREARMS CRIMINAL INVESTIGATIONS
DIVISION OFFICER DAVID FERS, ALCOHOL
TOBACCO & FIREARMS CRIMINAL
INVESTIGATIONS DIVISION OFFICER
MARK MACPHERSON, ALCOHOL TOBACCO
& FIREARMS CRIMINAL INVESTIGATIONS
DIVISION OFFICER KELLY MAEDA,
ALCOHOL TOBACCO & FIREARMS
CRIMINAL INVESTIGATIONS DIVISION
OFFICER RYAN SPENCER, DEPARTMENT
OF THE TREASURY INSPECTOR GENERAL
FOR TAX ADMINISTRATION OFFICER
CHRISTOPHER J. GUST, I.R.S. RICS/IVO
PROGRAM MANAGER CHRISTINE L. DAVIS,
I.R.S. DISCLOSURE SPECIALIST SUMMER A.

December 6, 2018

SUTHERLAND, UNITED STATES
BANKRUPTCY TRUSTEE ROBERTA
NAPOLITANO, UNITED STATES
BANKRUPTCY TRUSTEE ELIZABETH A.
KANE, AND UNKNOWN OTHER JOHN
"DOES" AND JANE "ROES" WHO ARE
DEPARTMENT OF JUSTICE ATTORNEYS,
TREASURY SPECIAL AGENTS OR I.R.S.
OFFICERS, EMPLOYEES, TREASURY
AGENTS AND OTHER UNKNOWN STATE
ACTORS 1 THROUGH 100; (*All parties acting as
Agents, Attorneys or employees on behalf of the
Government are all being sued in their individual
capacities*) ET. AL.,

December 6, 2018

Defendant(s).

## TO THE HONORABLE CHARLES F. LETTOW:

COMES NOW the Plaintiff, Aaron N Aqueron, added as a party on the 2nd amended complaint, to respectfully make this response motion in opposition to Defendant(s) Attorney's Motion for another extension of time in the above captioned case for just cause as will be more explicitly described herein. Plaintiff vehemently objects and opposes the Defendant's Attorney Katherine R. Powers first and second Motions for an Extension of Time without first conferring with Plaintiff for consent before filing said Motions which is a violation of the Rules of the Court and therefore a violation of Plaintiff's Rights to Due Process.

Attorney Powers is a sworn Officer of the Court. Attorney Powers has violated her Oath by depriving Plaintiff of an equal opportunity to be heard, equal access to the Court, and equal protection of the law by not first apprising Plaintiff of her intentions to seek an extension of time. Plaintiff is sure that the Court is aware that such pleadings made to the Court by Attorney Powers without first apprising Plaintiff is an *ex parte* communication and in violation of 28 U.S.C. § 2072(b) which states "Such rules shall not abridge, enlarge or modify any substantive

right. All conflict with such rules shall be of no further force or effect after such rules have taken effect."

Plaintiff now has reason to believe as a result of Your Honor granting the Defendant's Attorney's first *ex parte* Motion for an extension of time without affording any opportunity for Plaintiff to consent, that Your Honor will likewise be predisposed to grant Defendant's Attorney's second *ex parte* Motion for an extension of time dated November 29, 2018, which for all intents and purposes, is a ratification of the violation of Plaintiff's due process rights in violation of 28 U.S.C. § 2072(b) and Your Honor's constitutional Oath.

It is a matter of fact that by her own admission in her moving papers Attorney Powers did not confer with Plaintiff prior to making either Motion for Extension of Time. Attorney Powers made issue of the "infeasibility" of seeking the consent of the opposing Party before making Motion for an Extension of Time in her *ex parte* Motion because of the amount of Plaintiffs involved in this action and the fact that those Plaintiffs are spread over five (5) states.

Plaintiff vehemently objects to the assertion of the "infeasibility" of communicating with Plaintiff before requesting consent, because Plaintiff did not consent to the first Motion for enlargement of time and does not consent to this second Motion for an Extension of Time either. Plaintiff herein and several other Plaintiffs have attempted to contact the Defendant's Attorney, on several occasions and have not been able to get her or anyone from her office on the phone, so it is Plaintiff's contention that the one who has been "infeasible" in getting in touch with to concerning consent or any communications is the Defendant's Attorney, not Plaintiffs. By granting Attorney Powers' Motion for an enlargement of time without conferring with Plaintiff first, Your Honor showed favor in abridging, enlarging and modifying the substantive rights of the Defendant(s) without Plaintiff's opportunity to be heard.

In accordance with all applicable procedural law Plaintiff has the right to be treated fairly. Any violation of Due Process and Oath of Public Office renders the Court where the presiding judge allowing such violations to occur constitutionally defective and said judge in such Court is subject for removal pursuant to 28 U.S.C. § 455(a).

The Court has been made explicitly aware of the constitutional violations that the Defendant(s) are liable for within the content and context of Plaintiff's Civil R.I.C.O. Complaint for Agency Review. Plaintiff has proffered to the Court a *prima facie* case detailing the facts and law concerning how the Defendant(s), and each of them, are in violation of the UNITED STATES TAX COURT Order that Plaintiff proffered to the Court as an Offer of Proof confirming that Defendant(s) have absolutely NO JURISDICTION to impose any collection action against Plaintiff. (*See* Exhibit "A", UNITED STATES TAX COURT Order, and Defendant Attorney's Motion to Dismiss Plaintiff's TAX COURT Petition).

Therefore, Defendant(s), and each of them, are in fact acting in Contempt of said TAX COURT Order, and Plaintiff is sure that the Court is aware when a Party acts in Contempt of Court such an act of Contempt is a Crime. Therefore, the allowance of the Defendant's Attorney's Motion for an enlargement of time is effectively a ratification of the Defendant(s) Contempt of the TAX COURT Order which makes Your Honor complicit in the criminal acts of the Defendant(s) Contempt.

For all intents and purposes said secondary Motion for extension of time is dilatory and oppressive to Plaintiff and Plaintiff's family. Given the fact that the Attorneys for the Defendant IRS has admittedly already done an extensive review of their records kept in the ordinary course of their business to determine whether or not said Defendant(s) have done their due diligence in following the procedural protocols of their legal responsibility and duty to lawfully promulgate

the proper requisite documents, recordation of the filing of those requisite documents into the appropriate records database, and then duly issue to the Taxpayer the proper Notices of those lawfully promulgated documents that were recorded into their database prior to the implementation of a collection action against Plaintiff, any further excuse to extend the time to plead in this case is unconscionable and blatantly unfair. (*See* Exhibit "A", Plaintiff's Proof of Claim with Defendant IRS's Motion to Dismiss the UNITED STATES TAX COURT Petition for lack of subject matter jurisdiction and the U.S. TAX COURT Judge's subsequent Order granting Defendant IRS's Motion, *supra*).

The reason why Plaintiff is respectfully moving this Court to deny the U.S. Attorney's second Motion for an Extension of Time is because the Defendant(s) IRS are presently engaging in the unlawful pernicious *ultra vires* collection action against me that has been going on unabated prior to the filing of this case and even as this case is being litigated, so the request for another extension of time to respond to my Civil R.I.C.O. Complaint for Agency Review when the Defendant(s) IRS have already procured the necessary documentation from the records which are within their possession, control and purview to produce is dilatory, and to request more time to accumulate those documents is oppressive because the unlawful pernicious *ultra vires* collection actions being implemented by the Defendant(s) is still ongoing and causing me and my family severe hardship.

WHEREFORE, Plaintiff John W. Barry, hereby moves this Court for an Order denying the Defendant(s) second Motion for an Extension of Time, and for such other and further relief as to the Court is just and proper.

Respectfully,

Aaron N Aqueron

1868 Sanderling Dr
Clermont, Florida State Republic
Non-Domestic [34711]

CERTIFICATE OF SERVICE

I, Aaron Aqueron, hereby certify that on December 6, 2018 I sent a true and correct copy of the foregoing Response Motion to the Defendant(s) Attorney's Motion for a second Extension of Time via first class United States Postal Service mail to the following party(s):

KATHERINE R. POWERS
Trial Attorney
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

_____
Aaron N Aqueron

VERIFICATION

| FLORIDA STATE REPUBLIC | } |
| --- | --- |
| | }Scilicet: |
| CLERMONT COUNTY | } |

I, Aaron Aqueron, hereby verify that the statements made by me in the foregoing response Motion in Opposition to the Defendant(s) Attorney's Motion for another Extension of Time is true and correct to the best of my knowledge and belief, and I affirm those statements under penalty of perjury per 28 U.S.C. § 1746.

Date: December 6, 2018.

Respectfully,

Aaron N Aqueron
1868 Sanderling Dr
Clermont, Florida State Republic
Non-Domestic [34711]

Affirmed and Ascribed Before Me This
4 day of ~~December, 2018.~~ JANUARY 2019

Notary

ANDREW G. JOHNSON
Notary Public, State of Florida
Commission# GG 196574
My comm. expires Mar. 16, 2022

**FROM:** Aaron Aguiron
1606 Sonderling dr
Clermont FL 34711

**SENDER: COMPLETE THIS SECTION**
1. Article Addressed to:
Federal Court of Claims
717 Madison Pl NW
Washington DC 2005

9590 9402 2679 6351 0710 85

2. Article Number: 7018 1130 0001 7422 0247

PS Form 3811, July 2015

**TO:** Federal Court of Claims
717 Madison Pl NW
Washington, DC 20005

RECEIVED JAN - 9 2019 OFF. OF CLERK U.S. COURT OF FEDERAL CLAIMS

FILED JAN - 9 2019 U.S. COURT OF FEDERAL CLAIMS JRK

Certified Mail: 7018 1130 0001 7422 0247

U.S. POSTAGE PAID
FCM LG ENV
CLERMONT, FL
34711
JAN 04, 19
AMOUNT
$8.46
20005-7700
R2304M116491-11

ReadyPost