IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 18-1387 T

(Senior Judge Charles F. Lettow)

JOHN W. BARRY, ET AL.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims

(RCFC), defendant, the United States, moves to dismiss the complaint for lack of subject matter

jurisdiction.  Defendant's motion is supported by the following factual grounds and legal

principles:

BACKGROUND

Procedural History

On September 7, 2018, plaintiffs filed a complaint in the United States Court of Federal

Claims.  On September 28, 2019, plaintiffs moved to amend their complaint, adding to their

Received - USCFC

FEB - 1 2019

original pleading additional plaintiffs[1] and defendants.[2]  (*Compare* Docket No. 1, *with* Docket No. 4.)  On October 3, 2018, the United States moved for an order requiring plaintiffs to file a properly redacted version of the complaint and its attachments for the public record.  *See* RCFC 5.2(a).  The Court granted the motion, and, on November 27, 2018, December 11 2018, December 13, 2018, and January 2, 2019, plaintiffs filed redacted and partially redacted exhibits in support of their complaints.  Plaintiffs also filed "Motions to Claim and Exercise Constitutionally Secured Rights and Require the Presiding Judge to Rule Upon this Motion and Compel All Public Officers of This Court to Uphold Said Rights Pursuant to Their Oaths of the Constitution."  (*See* Docket Nos. 15–33, 36, 37, 43.)  On November 29, 2018, defendant moved for a second enlargement of time, requesting until January 11, 2019 to answer plaintiffs' amended complaint.[3]

---

[1] The plaintiffs named in the caption of the amended complaint are as follows:  John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R.T. Dumlao, Rosalie O. Libanag, Rodrigo B. Libanag, Hannah K. heart, Brigada E. Chock, Michael T. Chock, Leoncio Bautista, Scott F. Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Eurich Z. Griffin III, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Barbara L. Gasich, Annette Torruellas, Sheryl Tinoco, Radames Rodriguez, Jeanette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada De La Cruz, Hector Mendez, Donnie Mendez, Mark Goolsby, Jose Valez, Magdelena Nieves, and Juanito Estrada.

[2] Separately from this motion, defendant moves to amend the caption of plaintiffs' amended complaint to exclude all individually named defendants with the exception of the only proper defendant—the United States.  "It is well settled that the United States is the only proper defendant in the Court of Federal Claims."  *Cox v. United States*, 105 Fed. Cl. 213, 216 (2012) (citing 28 U.S.C. § 1491).  Any additional defendant named in a lawsuit in this Court that is not the United States must be ignored.  *See Sherwood v. United States*, 312 U.S. 584, 588 (1941).  Accordingly, the focus of this motion is on claims against the only possible defendant, the United States.

[3] Plaintiffs also moved for Default Judgment against the United States after defendant moved for its Second Enlargement to Answer or Otherwise Respond to plaintiffs' amended complaint.  Defendant submits response to that motion separately from this motion to dismiss.

At midnight on December 21, 2019, the continuing resolution that had been funding the Department of Justice expired and appropriations to the Department lapsed. In light of the lapse in appropriations, defendant moved to stay the case proceedings until the Department of Justice was funded and defendant's counsel was allowed to continue to work on this case. The Court granted the defendant's request to stay the deadline to answer or otherwise respond to the amended complaint and asked defendant to file a status report within four days of the restoration of appropriations, which occurred on January 25, 2019. During the lapse in appropriations, plaintiffs continued to file many motions, including motions to strike defendant's motion for stay, and, once the request for stay was granted, motions to vacate the order granting the motion to stay.[4] (*See* Docket Nos. 91–114). On January 25, 2019, Congress passed a continuing resolution providing restored funding for the Department of Justice. Defendant hereby moves to dismiss plaintiffs' complaints because this Court lacks subject matter jurisdiction to review any of plaintiffs' claims. *See* RCFC 12(b)(1).

<u>Plaintiffs' Allegations</u>

In support of their complaints, plaintiffs have submitted thousands of pages in attached declarations, affidavits, and court filings from previous cases. In summary, the "Statement of Facts and Law Giving Rise to Plaintiff's [sic] Causes of Action" describe a scheme in which plaintiffs have filed petitions with the United States Tax Court against defendants "for their pernicious *ultra vires* acts without lawful authority." (Am. Compl. ¶ 94.) Plaintiffs then attach to their pleadings copies of motions filed by respondent, the Internal Revenue Service, in which respondent moved to dismiss those petitions because no notice of deficiency sufficient to confer

---

[4] Plaintiffs' motions to strike the motion to stay and vacate the Court's order granting in part the motion to stay are moot, as the appropriations that fund the Department of Justice have been restored and the stay of proceedings has ended.

jurisdiction was sent to petitioners in the applicable tax years of those motions. (*See id.* ¶ 96.)

Plaintiffs contend that because of dismissals of their petitions in the United States Tax Court, the

*Internal Revenue Service* was somehow without authority to pursue the collection of tax against

plaintiffs.[5]  In their words, plaintiffs claim the Internal Revenue Service does "not have

jurisdiction and authority to implement their heavy handed collection actions they already

initiated against Plaintiffs which has caused Plaintiffs great harm and irreparable injury." (*Id.*

¶ 99).

Plaintiffs identify nine separate causes of action: I. Intentional Interference with Person

and Invasion of Privacy; II. Intentional Interference with Property, Trespass to Land, Trespass to

Chattels and Chattel Paper Instruments; III. Violations of Procedural and Fundamental Due

Process of Law; IV. Violations of Civil Rights pursuant to *Bivens v. Six Unknown Federal*

*Agents*, 403 U.S. 388, and the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution; V. Abuse of Process; VI. Violations of the Fair Debt Collection Practices Act

(FDPA), 26 U.S.C. § 7214, et. Seq.; VII. Joint Tortfeasor Liability; VIII. Intentional Infliction of

Emotional Distress and Mental Anguish; IX. Defamation, Libel, and Slander.  For each

identified Count, plaintiffs seek $1,000,000.000 in compensatory and punitive damages per

plaintiff and $100,000.00 in statutory damages per plaintiff.  Plaintiffs also request equitable

relief of a "full and fair plenary adjudicative process of Agency Review under 5 U.S.C. §§ 701–

706." (*See* Am. Compl. "Equitable Relief Requested").[6]

---

[5] This argument is, of course, frivolous.

[6]  The Court of Federal Claims lacks jurisdiction to review final agency decisions under the
Administrative Procedure Act.  *See Martinez v. United States*, 333 Fed. Cl. 1295, 1313 (Fed. Cir.
2003).

ARGUMENT

The Court of Federal Claims is a Court of Limited Jurisdiction

Before a federal court can consider the merits of a claim, subject-matter jurisdiction must

be properly established. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the

evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Like

all federal courts, the United States Court of Federal Claims is a court of limited jurisdiction.

*See Cooper v. United States*, 123 Fed. Cl. 226, 231 (2015); *RHI Holdings, Inc. v. United States*,

142 F.3d 1459, 1461 (Fed. Cir. 1998).

The Tucker Act, 28 U.S.C. §1491, expressly waived the sovereign immunity of the

United States with respect to certain monetary claims against the United States government. *See*

28 U.S.C. § 1491(a)(1); *Cooper*, 123 Fed. Cl. at 231. In relevant part, the Tucker Act invests the

Court of Federal Claims with jurisdiction over:

> any claim against the United States founded either upon the Constitution, or any
> Act of Congress or any regulation of an executive department, or upon any
> express or implied contract with the United States, or for liquidated or
> unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act does not create independent substantive rights. *Cooper*,

123 Fed. Cl. at 231. Therefore, to come within the Tucker Act's jurisdiction, "a plaintiff must

identify a separate source of substantive law that creates the right to money damages." *Greenlee*

*Cty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks

omitted). Indeed, the claim "must be one for money damages against the United States, and the

claimant must demonstrate that the source of substantive law he relies upon can fairly be

interpreted as mandating compensation by the Federal Government for the damages sustained."

*United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (internal quotation marks and citations omitted)."

One such claim for money damages that is viable in the Court of Federal Claims is a suit for tax refund under I.R.C. § 7422.  Section 7422 of the I.R.C. provides authority for taxpayers to file suit to recover "any internal revenue tax alleged to have been erroneously or illegally assessed or collected," but only after "a claim for refund or credit has been duly filed with the Secretary."  The I.R.C. imposes a limitation of time in which a taxpayer may file a valid refund claim with the Secretary, in § 6511(a)—that is, three years from the time the return was filed *or* two years from the time the tax was paid, whichever period expires later.  *See* I.R.C. § 6511(a). *See also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 5 (2008).

Unless a claim for refund is filed with the Secretary during the time period imposed in § 6511(a), a suit for refund in federal court under § 7422 cannot be maintained.  *See id.*  "Read together, the import of [§§ 7422 and 6511(a)] is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected.'"  *United States v. Dalm,* 494 U.S. 596, 602 (1990).  Therefore, for this Court to have subject-matter jurisdiction over a claim for tax refund, the claimant must have timely filed his or her claim for refund with the Service within the time limit imposed under the Code.  The burden is on plaintiff to prove that this Court has subject matter jurisdiction over his claim.  *See Davis v. United States*, 43 Fed. Cl. 92, 94 (1999).  In addition, pursuant to I.R.C. § 6532(a)(1), a taxpayer must file suit for refund no later than two years from the date of mailing of a notice of claim disallowance.

Plaintiffs' Allegations Fail to Demonstrate any Basis for This Court to Exercise Jurisdiction

I.      Plaintiffs Have Not Alleged Facts Supporting the Existence of Valid Refund Claims

Against the Internal Revenue Service

The underlying activities giving rise to the plaintiffs' grievances are, by their contention, unauthorized collections actions.  However, "this court's jurisdiction under the Internal Revenue Code is generally limited to the adjudication of tax refund suits, *see 26* U.S.C. § 7422, and this is not such suit." *Dawveed v. United States,* No. 14-247, 2014 WL 1499145, *1 (Fed. Cir. April 15, 2014).  Nowhere in plaintiffs' complaints have they alleged that they have satisfied the jurisdictional requirements to pursue suit seeking refund of taxes.  Rather, plaintiffs' lawsuits arise from grievances they perceive involving the collection of taxes—claims lying wholly outside the jurisdictional authority of the Court off Federal Claims.

Section 7433 of the Internal Revenue Code (I.R.C.) provides taxpayers the right to bring a civil action for damages against the United States in a district court of the United States where, in pursuing the collection of federal tax, an officer of the IRS recklessly, intentionally, or negligently disregarded a provision of the Internal Revenue Code.  But this Court is not a district court of the United States; therefore, it lacks jurisdiction over claims under Section 7433.  *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).  The same is true of plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA) (*See* Count VI)—Congress vested jurisdiction to hear such claims with the District Courts of the United States; therefore "this court cannot hear them." *Powers v. United States,* 14-760C, 2015 WL 4931482, at *6 (Fed. Cl. Aug. 18, 2015).

II.   Plaintiffs' Claims Sounding in Tort (Counts I, II, III, V, VI, VII, VIII, and IX) Must Be

   Dismissed Because This Court Cannot Exercise Jurisdiction Over Such Claims

   The majority of claims alleged in plaintiffs' complaints sound in tort: intentional

interference with person and property; invasion of privacy; trespass to chattels; abuse of process;

intentional inflection of emotional distress; and defamation, libel, and slander.  Such claims

sounding in tort and arising from common law are outside the exclusive jurisdiction granted to

the Court of Federal Claims by Congress.  Therefore, "it is *beyond dispute* that the Court of

Federal Claims has no jurisdiction over claims which lie in tort."  *Minehan v United States*, 75

Fed. Cl. at 259 (emphasis added).  "[T]he law is clear that allegations regarding bad faith or

fraudulent actions by government officials or agencies do sound in tort."  *Id.  See also Cycenas v.*

*United States,* 120 Fed. Cl. 485, 498 (2015) ("To the extent plaintiff's complaint asserts claims

of conspiracy, misrepresentation, identity theft, mortgage fraud, credit theft or fraud, and

trespass, those claims sound in tort, or allege criminal conduct. As such, this court lacks

jurisdiction to adjudicate those claims.").  Accordingly, plaintiffs' claims sounding in tort must

all must be dismissed for lack of subject matter jurisdiction.

III.   Plaintiffs' Claims Alleging Constitutional Violations (Counts III and IV) Must Be

   Dismissed Because This Court Cannot Exercise Jurisdiction Over Such Claims

   Plaintiffs allege they have suffered deprivations of their procedural and due process rights

secured under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution

by, primarily, their subjection to the collection actions taken by officers of the I.R.S.  However,

neither the Due Process Clause under the Fifth nor Fourteenth Amendment is money-mandating;

therefore, "they do not provide a basis for jurisdiction in this court."  *Cox v. United States*, 105

Fed. Cl. 213, 217 (2012).  Nor does the Fourth Amendment's prohibition against unreasonable

searches or seizures "mandate the payment of money damages." *Id.* "Therefore, [the Fourth Amendment's Search and Seizure Clause] cannot provide a basis for jurisdiction in the Court of Federal Claims." *Id.* In addition, because the Court of Federal Claims solely exercises jurisdiction over cases involving claims against the United States, this court also does not have jurisdiction over suits against "individual federal officials" under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 391–94 (1999). *Cunningham v. United States*, 479 Fed. Appx. 974 (Fed. Cl. 2012) (citation omitted); *Brown v. United States*, 105 F.3d. 621, 624 (Fed. Cir. 1997).

Plaintiffs further allege violations under 18 U.S.C. §§ 241 and 242, which are criminal statutes setting punishments for criminal conspiracies that deprive civil rights. "These statutes "are criminal statutes that provide no basis for a civil action in any court." *Hardin v. United States*, No. 15-585C, 2015 WL 6437379, at *4 (Fed. Cl. Oct. 22, 2015).

V.    Plaintiffs' Claims Alleging Civil R.I.C.O. Violations Must Be Dismissed Because This
      Court Cannot Exercise Jurisdiction Over Such Claims

In the caption of their complaints, Plaintiffs identify the lawsuits as "Class Action Civil R.I.C.O. Complaint[s]." However, an agency of the United States cannot commit a crime actionable under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 (2004). *Wolf v. United States* 127 F. App'x 499, 501 (Fed. Cir. 2005). "The United States cannot be liable for criminal acts under RICO." It follows, "[t]herefore, [that the United States] cannot be liable for damages under the civil RICO provisions." *Id.*

CONCLUSION

WHEREFORE, based on all of the reasons set forth above, defendant requests that the Court enter an order dismissing the complaints for lack of subject matter jurisdiction. *See also*

Def. Mot. To Amend Caption, Filed Simultaneously on January 31, 2019 (relating to the removal of improperly named individual defendants from plaintiffs' captions).

Respectfully submitted,

January 31, 2019

KATHERINE R POWERS
Trial Attorney
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station,
Washington, D.C. 20044
Phone: (202) 514-1919
Fax: (202) 514-9440

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has this _31st_ day of January 2019, been

made on each of the following plaintiffs, *pro se*, by mailing a copy thereof, in a postage prepaid

envelope, to the following addresses:

John W. Barry
232 Amherst Avenue
Pemberton, NJ 08068

Karrine N. Montaque
159 Washington Avenue
Valley Stream , NY  11590

Moses Nelson
1584 North Avenue
Bridgeport, CT 06604

Joel Adeyemi Omotosho
104 Terry Place
Bridgeport , CT  06606

Julio Ruiz
981 Grand Street
Bridgeport , CT  06604

Patricia Hinds
6 Homestead Avenue
West Haven , CT  06516

Elba M. Viera Lopez
1224 Pembroke Street
Bridgeport , CT  06608

Rosemarie M. Lastimado-Dradi
P.O. Box 386
Ridgefield , WA  98642

Elvah Bliss Miranda
94-1018 Kaloli Loop
Waipahu , HI  96797

Daniel B. Miranda
94-1018 Kaloli Loop
Waipahu , HI  96797

Marciaminajuanequita R. T. Dumlao
1731 Mahani Loop
Honolulu , HI  96815

Rosalie O. Libanag
91-936 Komana Street
Ewa Beach , HI  96706

Rodrigo B. Libanag
91-936 Komana Street
Ewa Beach , HI  96706

Hannah K. Heart
5339 Poola Street
Honolulu , HI  96821

Brigida E. Chock
91-668 Kilaha Street
Unit I-2
Ewa Beach , HI  96706

Michael T. Chock
91-668 Kilaha Street
Unit I-2
Ewa Beach , HI  96706

Leonicio Bautista
1731 Mahani Loop
Honolulu , HI  96815

Scott F. Hawver
P.O. Box 2783
Ewa Beach , HI  96706

Beverly Braumuller-Hawver
P.O. Box 2783
Ewa Beach , HI  96706

Paul K. Meyer
P.O. Box 1308
Kilauea , HI  96754

Eurich Z. Griffin, III
P.O. Box 12412
St. Petersburg, FL 33733

Barbara W. Griffin
P.O. Box 12412
St. Petersburg, FL 33733

Rosa Ann Flor
9052 Jackson Avenue
Lexington, MN 55014

Stephen Marques
9261 West Stayman Drive
Ellicott City, MD 21041

Karen Marques
9261 West Stayman Drive
Ellicot City, MD 21041

McKinley Lewis
4057 Saint George Walk
Powder Springs, GA 30127

Sheryl Tineco
4737 Lyons Road
Lake Worth, FL 33467

Annette Torruellas
7252, Apartment #A
Forest City Road
Orlando FL, 32810

Radames Rodriguez
7252, Apartment #A
Forest City Road
Orlando FL, 32810

3

Jeannette Delgado
1255 Guinevere Drive
Casselberry, FL 32707

Allen Stewart Rietow
P.O. Box 79
Kilauea, HI 96754

Catherine Jean Rietow
P.O. Box 79
Kilauea, HI 96754

Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C.  20044
(202) 307-6440

4