# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REPRESENTATIVE CLASS PLAINTIFFS:
*on behalf of themselves and others so situated as putative class members,*

John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R. T. Dumlao, Rosalie O. Libanag, Rodrigo B. Libanag, Hannah K. Heart, Brigida E. Chock, Michael T. Chock, Leoncio Bautista, Scott F, Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Carl McBean, Eurich Z. Griffin, III, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Annette Torruellas, Sheryl Tinoco, Barbara L. Gasich, Radames Rodriguez, Jeannette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada De La Cruz, Hector Mendez, Miriam Mendez, Donnie Mendez, Jose Valez, Maggie Nieves, Juanito Estrada, among others similarly situated,

*Unincorporated Natural Persons Standing in Propria Persona Sui Juris,*

-against-

UNITED STATES, ET. AL.,

Defendant(s).

Case No.1:18-cv-01387T (CFL)

**PLAINTIFF
KARRINE N MONTAQUE
MOTION FOR SANCTIONS
AGAINST
U.S. ATTORNEY
KATHERINE R. POWERS
PURSUANT TO RCFC RULE
11(b)(c)(1)
AND TO JOIN THIS MOTION
WITH PLAINTIFF'S RESPONSE TO
DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT
PURSUANT TO RCFC RULE
12(g)(1)**

FEBRUARY 25, 2019

**COMES NOW**, montaque, karrine, beneficiary for the estate, legal fictional entity and Plaintiff, KARRINE N MONTAQUE, to hereby move this Court for an Order granting sanctions against Defendant(s) Attorney, Katherine R. Powers, for her failure to follow requisite Rules of this Court and for failure to file a "disclaimer" on behalf of the United States after consulting with the IRS Defendant(s) that there is no record of any outstanding tax lien attributable to Plaintiff, for

Received - USCFC

FEB 26 2019

which Attorney Powers has a duty to consult with the IRS Defendant(s) to establish whether they have a lawful right to take Plaintiff's private property for the benefit of the government without just compensation in violation of the Fifth Amendment to the Constitution for these United States of America.

Without following the requisite rules of the Court and regulations of the Executive Agency she is representing, Attorney Powers is thereby covering up the *ultra vires* acts of the IRS Defendant(s) and colluding with said Defendant(s) to obstruct justice in Plaintiff's execution of rights and pursuit of a remedy from the unlawful taking of private property without a lawful claim and fundamental and procedural due process.

Attorney Powers is actually perpetrating fraud upon the Court from her deliberate disingenuous dispositive pleadings containing impertinent, immaterial, fraudulent and scandalous in her Motion to Dismiss and other claims and defenses that perpetuate the damages inflicted on Plaintiff by the IRS Defendant(s) subterfuge, chicanery and unjustified collection actions.

Through her deceptive pleadings, Attorney Powers is attempting to persuade the Court to believe that Plaintiff is not entitled to the provisions of the law governing Civil R.I.C.O., and to be denied the opportunity to a redress of grievances for the violations of constitutional rights. This Court must not allow Attorney Powers to get away with usurping the Plaintiff's rights by shirking her responsibility to uphold and protect the integrity of the law in accordance with her Oath to the Constitution for these United States of America.

STATEMENT OF FACTS AND LAW

1. Plaintiff, KARRINE N MONTAQUE, hereby moves this Court for sanctions under Rule 11 of the Federal Rules of Civil Procedure for the filing of the Defendant(s)

Attorney, Katherine R. Powers' impertinent, immaterial and scandalous dispositive averments in this verified Civil R.I.C.O. Complaint.

2. The Defendant(s) Attorney's irrelevant dispositive averments to impel this Court's ruling to grant dismissal of Plaintiff's lawsuit is completely without merit and was filed solely for improper purposes. A motion for sanctions under FRCP Rule 11 can be filed to request sanctions against another Party and/or their Attorney on the grounds that they have engaged in bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay such as filing numerous frivolous motions or complaints.

3. "Frivolous" means totally and completely without merit or for the sole purpose of harassing an opposing party.

4. Defendant(s) Attorney Powers has made the unjustified accusation that Plaintiff's plausible causes of action are "frivolous" without qualifying what law justifiably makes Plaintiff's contentions "frivolous". If anyone has made a frivolous assertion in their pleadings it was and is the Defendant(s), and the Defendant(s) Attorney, Katherine R. Powers.

5. A trial court may order a Party, the Party's attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay.

6. "Actions or tactics" include, but are not limited to, the making or opposing of motions or the filing and service of a complaint, cross-complaint, answer, or other responsive pleading. The mere filing of a complaint without service thereof on an opposing party does not constitute "actions or tactics" for purposes of this section.

7. It is obvious that the Defendant(s) Attorney Powers is attempting to misdirect the validity of Plaintiff's causes of action in this case by stating in her pleadings that this case is a Tax Refund matter.

8. Given the facts and law presented in Plaintiff's Civil R.I.C.O. that qualifiedly corroborated the causes of action in Plaintiff's Complaint, Defendant(s) Attorney Powers could not reasonably justify proffering dispositive averments going to the issue of a Tax Refund matter without first addressing the self-authenticating evidence Plaintiff submitted together with this Complaint as Exhibits, that qualifiedly proves the fact that the IRS Defendant(s) do not have any records of the Service (IRS) that would disclose any outstanding tax lien attributable to Plaintiff, or any other documented evidence to either rebut or impeach the validity of Plaintiff's claims, especially when Attorney Powers is duty bound by Oath and law to file a "disclaimer" after she has done a reasonable inquiry of the Defendant(s) under the circumstances, and to the best of her knowledge formed a belief based upon the information she acquired from her reasonable inquiry, to determine whether a "disclaimer" was warranted.

9. The pleadings proffered to this Court that Attorney Powers has filed thus far is totally devoid of any information from which she is duty bound to look into and report under IRS Manual, Part 5, Chapter 17 (5.17.5.18.8(d)).

10. Without qualifiedly researching the records of the IRS Defendant(s) any such pleadings proffered to this Court by Attorney Powers are irrelevant and unjustifiably pleadings that are not only unethical, but unprofessional as well, and this Court should impose sanctions against Defendant(s) Attorney, Katherine R. Powers, for her disingenuous and dilatory pleadings thus far in this case.

**WHEREFORE**, Plaintiff KARRINE N MONTAQUE, hereby moves this Court to impose sanctions against IRS Defendant(s) Attorney, Katherine R. Powers, per RCFC Rule 11 for her duplicitous, impertinent, immaterial and scandalous pleadings that are, for all intents and purposes, intended to cover-up the IRS Defendant(s) *ultra vires* unconstitutional acts, and obstruct Plaintiff from obtaining the justice Plaintiff is entitled to for the violations of rights secured by the Constitution for these United States of America.

Plaintiff respectfully requests this Court join this Motion for Sanctions against Attorney Katherine R. Powers, together with Plaintiff's Objection in Response to Defendant(s) Response to Plaintiff's Motion for Entry Default Judgment per RCFC Rule 12(g)(1), and afford such other and further relief as to this Court seems just and proper.

Date: February 25, 2019.
New York State, Nassau County.

Respectfully,

By: *Karrine Montaque, Beneficiary*
KARRINE N MONTAQUE
265 Sunrise Highway, Suite 1-118
Rockville Center New York State
[11570] Non-Domestic

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REPRESENTATIVE CLASS PLAINTIFFS:
*on behalf of themselves and others so situated as putative class members,*

John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R. T. Dumlao, Rosalie O, Libanag, Rodrigo B. Libanag, Hannah K. Heart, Brigida E. Chock, Michael T. Chock, Leoncio Bautista, Scott F, Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Carl McBean, Eurich Z. Griffin, III, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Annette Torruellas, Sheryl Tinoco, Barbara L. Gasich, Radames Rodriguez, Jeannette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada De La Cruz, Hector Mendez, Miriam Mendez, Donnie Mendez, Jose Valez, Maggie Nieves, Juanito Estrada, among others similarly situated,

*Unincorporated Natural Persons Standing in Propria Persona Sui Juris*,

-against-

UNITED STATES, ET. AL.,

Defendant(s).

Case No.1:18-cv-01387T (CFL)

**PLAINTIFF
KARRINE N MONTAQUE
MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR
SANCTIONS
AGAINST
U.S. ATTORNEY
KATHERINE R. POWERS
PURSUANT TO RCFC RULE 11(b)
AND TO JOIN THIS MOTION
WITH PLAINTIFF'S RESPONSE TO
DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT
PURSUANT TO RCFC RULE
12(g)(1)**

FEBRUARY 25, 2019

POINTS OF LAW AND AUTHORITIES
<u>AND STATEMENT OF ISSUES TO BE DECIDED FOR SANCTIONS</u>

1. As a result of Defendant(s) Attorney, Katherine R. Powers dishonest presentments and pleadings in this case, Plaintiff hereby moves the Court for sanctions against her for

assisting in the cover-up of the *ultra vires* acts perpetrated by the IRS Defendant(s) and the obstruction of justice Plaintiff is entitled to receive through Attorney Powers' perpetration of fraud upon the Court by making impertinent, immaterial and misleading averments which are not specifically related to the instant action, nor does such support any reasonable defensive claims for dismissal or Summary Judgment because Attorney Powers has not proffered any proof obtained through the requisite informational inquiry of the IRS Defendant(s) to establish whether the IRS have any records of that would disclose any outstanding tax lien attributable to Plaintiff, or any other documented evidence that would justify their claims.

2. In spite of the verifiable self-authenticating evidence which Plaintiff proffered to this Court from the United States Tax Court that established the fact that the IRS Defendant(s) do not have the requisite documentation to make a claim against Plaintiff's private property, Defendant(s) Attorney Powers still insists upon moving forward in this case by ignoring the verifiable causes of action giving rise to this verifiable Civil R.I.C.O. Complaint with deflective demurrers that are insufficient on their face for dismissal or Summary Judgment.

3. RCFC Rule 11(c)(1)(2) mandates that the duty of candor an Attorney or unrepresented Party has to the Court, and exists under the law to deter Attorneys or unrepresented parties from presenting claims not based on factual allegations which have no evidentiary support, or are relevant to the proceedings, such duty of candor is essential to preserve the Public Confidence in our system of justice.

4. Given the facts and law as stipulated herein, it is obvious that the Defendant(s) Attorney, Katherine R. Powers, has presented to this Court misleading dispositive

allegations which are factually and legally irrelevant, inadmissible and scandalous matter, because not only does such allegations have anything to do with the subject matter of Plaintiff's Complaint, but Attorney Powers has not proffered any evidentiary proof that the IRS has any record of an outstanding tax liability attributed to Plaintiff.

5. Therefore, this Court should impose the appropriate sanctions against Defendant(s) Attorney Katherine R. Powers, as a prohibitive deterrence for the other Attorneys and Agents representing the Defendant(s) from perpetrating such egregious misconduct in the future.

6. As the Attorney who spearheads the Defendant(s), and each of them, by submitting and filing with the Court false and misleading averments on behalf of the Defendant(s), Attorney Katherine R. Powers, has essentially certified that "to the best of her knowledge, information and belief, formed after an inquiry reasonable under the circumstances…the allegations and other factual contentions have evidentiary support." (RCFC Rule 11(b)(3).

7. Plaintiff's verifiable lawful assertions as plainly stipulated within the content and context of this Civil R.I.C.O. Complaint are based upon valid truth, fact, law and evidence.

8. The Defendant(s) Attorney, Katherine R. Powers, has subversively introduced Tax Refund statutes as an affirmative defense, that are without doubt or speculation irrelevant to this action, particularly when the IRS does not have any records that disclose any outstanding tax lien attributed to Plaintiff that would justifiably influence this Court into rendering a judgment denying Plaintiff the equitable remedy Plaintiff is entitled to receive from the *ultra vires* collection action IRS Defendant(s) are

implementing to take Plaintiff's private property for the benefit of the United States without due process and without just compensation.

9. Plaintiff is certain this Court is eminently aware of the contemptuous practice of Attorneys presenting "alternative facts" (lying) to the court. Beyond mere discovery violations and misbehavior in depositions, some Attorneys have been sanctioned for "massaging" evidence to suit current needs (*e.g.*, "sham affidavits", "manufactured evidence"), or worse, outright lying to the Court. Obviously, Courts do not treat such behavior lightly.

10. Courts have allowed a litigant to seek monetary sanctions against an opposing party and/or his or her attorney for "raising unsupported claims or defenses." Under the FRCP Rule 11 statute, not only are frivolous pleadings sanctionable, so are unreasonable responses to discovery requests and other actions in the litigation, which lack a foundation in law or fact.

11. Unfortunately for Defendant(s) Attorney, Katherine R. Powers, the averments she has proffered to this Court do not contain any relevant allegations and other factual contentions that comply with the duty of candor ethical requirements of Attorneys in their representation of litigants.

12. It is clear to Plaintiff that the Defendant(s) Attorney, Katherine R. Powers, expects this Court to overlook or forgive the egregious violations of law going to the *ultra vires* acts perpetrated by the Defendant(s) that Plaintiff has qualifiedly countermanded by providing self-authenticating evidence as Exhibits to the Plaintiff's Complaint which proves the fact that the IRS Defendant(s) have no authority or jurisdiction that effectively establishes that the Defendant(s), and each of them, had no right to take

Plaintiff(s) private property, and consequently, the dispositive averments Defendant(s) Attorney makes in her Motion to Dismiss is impertinent, immaterial and scandalous matter, and the Defendant(s) Attorney should be sanctioned for attempting to influence this Court using such scandalous material as a reason to deny Plaintiff an opportunity to receive an equitable remedy for the fraud perpetrated by the Defendant(s), and each of them.

13. Within Defendant(s) Attorney Katherine R. Powers' Motion to Dismiss, she alludes that Plaintiff lawful contentions are "frivolous" without specifying any law that would substantiate that assertion.

14. Defendant(s) Attorney's dispositive averment that Plaintiff's contentions are "frivolous" without any corroborating case law, statute or regulatory implementation, such dispositive averment inferring Plaintiff's contentions are "frivolous" is insufficient to support a motion to dismiss the Plaintiff's claims.

15. Thus, Plaintiff's Objection to Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to RCFC Rule 12(b)(6), is not enforceable because Plaintiff has stated a claim for relief that based upon constitutional violations of law that "contain[s] factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)…A claim has facial plausibility when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for misconduct alleged. *Id.* (citation omitted). Therefore, the 'plausibility standard…asks for more than a sheer possibility that a defendant has acted unlawfully."

16. As a *juris* doctor, even the Defendant's Attorney, has full knowledge of the law concerning the plausibility of a claim when pleaded well enough allows the Court to draw a reasonable inference that the Defendant is liable for fraud, and Plaintiff has diligently proffered to the Court the facts and law that sufficiently satisfies the ruling of the Court rendered under *Twombly, supra*, so Defendant(s) Attorney, should have reasonably known that Plaintiff's pleadings meets the plausibility standard, her dispositive averments constitutes an affirmation of the Defendant(s) misconduct that is more than a "sheer possibility that a defendant has acted unlawfully."

17. "By presenting to the Court (whether by signing, filing, submitting or later advocating) a pleading, written motion or other paper, an Attorney…is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances…the allegations and other factual contentions have evidentiary support." (RCFC Rule 11(b)(3).

18. Clearly, based upon Plaintiff's verified self-authenticating evidence, Defendant(s) Attorney, Katherine R. Powers, had enough information to draw an informed belief, formed after an inquiry reasonable under the circumstances, to determine whether the allegations and other factual contentions have evidentiary support, and in light of that information, Defendant(s) Attorney still sought to file a dispositive Motion to Dismiss using impertinent, immaterial and scandalous subject matter without dispelling or rebutting the factual contentions in Plaintiff's Complaint.

19. Under the law governing the RCFC, sanctions must be imposed on any Party, Attorney or Law Firm that has violated Rule 11, or is responsible for the violation. (RCFC Rule 11(c)(1)(A), (*See also* Rule 11 Advisory Committee Notes of 1993).

20. As described by the Supreme Court, the "central purpose of Rule 11 is to deter baseless filings in District Court and thus…streamline the administration and procedure of the federal courts…Although the Rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy…any interpretation must give effect to the Rules' central goal of deterrence." (Cooter & Gell v. Hatmarx Corp., 496 U.S. 384 AT 393, (1990)).

21. By requiring certification that a pleading's allegation and factual contentions have evidentiary support, Rule 11 imposes three (3) related obligations on Counsel. First, Counsel must conduct a reasonable investigation into the factual allegations. (*See* Estate of Blue County of Los Angeles, 120 F. 3d 982 at 985 (9th Cir)). Second, Counsel must act reasonably on the face of the results of the investigation. (*See* Schrag v. Dinges, 73 F. 3d 374(1995)). Third, and axiomatically, Counsel must not represent the results of investigation to the Court. Indeed, the law on this point is unmistakable; filing a pleading containing false and misleading allegations is grounds for sanctions under Rule 11. (*See* Truesdell v. S. Cal. Permanente Medical Group, 293 F 3d 1146 at 153-54 (9th Cir., 2002), upholding sanctions against Counsel under Rule 11 where complaint stated allegations that Counsel "must have known were false").

**WHEREFORE** for the good and sufficient reasons specified herein, Plaintiff, KARRINE N MONTAQUE respectfully moves the Court for an Order granting the Motion to Sanctions against Defendant(s) Attorney, Katherine R. Powers, for said Attorney's impertinent, immaterial and scandalous Motion to Dismiss with her Response to Plaintiff's Motion for Entry of Default Judgment, which for all intents and purposes, is being proffered by Defendant(s) Attorney to this Court to aid and abet the IRS Defendant(s) to cover-up of their *ultra vires* acts perpetrated upon

the Plaintiff by the Defendant(s), and each of them, and Plaintiff respectfully demands that this Court issue an Order granting Plaintiff's Motion for Sanctions against Attorney Katherine R. Powers pursuant to FRCP Rule 11, and more specifically, Plaintiff respectfully requests that the Court issue sanctions censuring Defendant(s) Attorney Katherine R. Powers, with the preclusion of the irrelevant evidence, preclusion of irrelevant issues, preclusion of irrelevant claims or defenses she has already submitted to this Court, and for such other and further relief as to the Court seems just, fair and proper.

Date: New York State, Nassau County.
February 25, 2019.

Respectfully,

By: *Karrine Montaque, Beneficiary* (signature)

KARRINE N MONTAQUE
265 Sunrise Highway, Suite 1-118
Rockville Center New York State
[11570] Non-Domestic

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

REPRESENTATIVE CLASS PLAINTIFFS:
*on behalf of themselves and others so situated as putative class members,*

John W. Barry, Karrine N. Montaque, Moses Nelson, Joel Adeyemi Omotosho, Julio Ruiz, Patricia Hinds, Elba M. Viera Lopez, Carl McBean, RoseMarie M. Lastimado-Dradi, Elvah Bliss Miranda, Daniel B. Miranda, Marciaminajuanequita R. T. Dumlao, Rosalie O, Libanag, Rodrigo B. Libanag, Hannah K. Heart, Brigida E. Chock, Michael T. Chock, Leoncio Bautista, Scott F, Hawver, Beverly Braumuller-Hawver, Paul K. Meyer, Carl McBean, Eurich Z. Griffin, III, Barbara W. Griffin, Rose Ann Flor, McKinley Lewis, Annette Torruellas, Sheryl Tinoco, Barbara L. Gasich, Radames Rodriguez, Jeannette Delgado, Aaron Aqueron, Benedicta Sison, Betty Ananyo, Rafael Ramos, Ada De La Cruz, Hector Mendez, Miriam Mendez, Donnie Mendez, Jose Valez, Maggie Nieves, Juanito Estrada, among others similarly situated,

*Unincorporated Natural Persons Standing in Propria Persona Sui Juris,*

-against-

UNITED STATES, ET. AL.,

Defendant(s).

Case No.1:18-cv-01387T (CFL)

**AFFIDAVIT OF PLAINTIFF KARRINE N MONTAQUE IN SUPPORT OF MOTION FOR SANCTIONS AGAINST U.S. ATTORNEY KATHERINE R. POWERS PURSUANT TO RCFC RULE 11(b) AND TO JOIN THIS MOTION WITH PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RCFC RULE 12(g)(1)**

FEBRUARY 25, 2019

## VERIFICATION

| NEW YORK STATE | } |
| --- | --- |
| | }ss: |
| <u>NASSAU COUNTY</u> | } |

Plaintiff, KARRINE N MONTAQUE, hereby make the following statement under penalty of perjury of the laws of the United States of America per 28 U.S.C. § 1746:

Plaintiff, KARRINE N MONTAQUE, have personal firsthand knowledge of the statements made by me in the foregoing Motion for Sanctions against IRS Defendant(s) Attorney, Katherine R. Powers, that is attached to this Affidavit. I affirm under penalty of perjury that the statements I have made therein are true and correct to the best of my knowledge and belief.

Date: February 25, 2019.

Respectfully,

By: *Karrine Montaque*, Beneficiary
KARRINE N MONTAQUE
265 Sunrise Highway, Suite 1-118
Rockville Center New York State
[11570] Non-Domestic

Affirmed and Ascribed Before Me This
25 day of February, 2019.

_____
Notary *Tabitha Ayuso*

TABITHA AYUSO
NOTARY PUBLIC, STATE OF NEW YORK
No. 01AY6009597
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES 6-29-2022

CERTIFICATE OF SERVICE

I, Karrine N.: Montaque, hereby certify that on February 25, 2019, I sent a true and correct copy of the foregoing Motion for Sanctions against Katherine R. Powers via first class United States Postal Service Mail to the following part(y)s:

KATHERINE R. POWERS, Esq.
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

By: *Karrine Montaque, Beneficiary*
KARRINE N MONTAQUE
265 Sunrise Highway, Suite 1-118
Rockville Center New York State
[11570] Non-Domestic








